**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES LEONARD ESTES, | Case No.: 1:25-cv-00300-SKO (HC) |
| Petitioner, | ORDER TO ASSIGN DISTRICT JUDGE TO CASE |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS PETITION |
| PEOPLE OF THE STATE OF CALIFORNIA, | [21-DAY OBJECTION DEADLINE] |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation serving a sentence of 36 years for his 2013 conviction in Kern County of attempted voluntary manslaughter, possession of a firearm by a felon, and possession of ammunition by a felon. See People v. Estes, Case No. MF010180A (Kern Cty. Super. Ct. 2013). In this petition, Petitioner challenges a state court determination that he is not entitled to resentencing pursuant to all California laws which have been repealed or amended and which apply retroactively to his case. A review of the petition reveals that Petitioner is not entitled to habeas relief. Therefore, the Court recommends that the petition be **SUMMARILY DISMISSED**.

1

**PROCEDURAL BACKGROUND**

On September 13, 2013, Petitioner was found guilty in Kern County Superior Court of one count of attempted voluntary manslaughter (Cal. Penal Code §§ 664/192(a)), one count of possession of a firearm by a felon (Cal. Penal Code § 29800(a)(1)), and one count of possession of ammunition by a felon (Cal. Penal Code § 30305(a)). People v. Estes, Kern Cty. Case No. MF010180A. Petitioner was sentenced to a term of 36 years. Id.

On February 3, 2025, Petitioner filed a petition for writ of habeas corpus in the Ninth Circuit Court of Appeals. (Doc. 1.) On March 12, 2025, the case was transferred to the United States District Court for the Eastern District of California and received in this Court. (Doc. 2.)

Based on the attachments to the petition, it appears that Petitioner has pursued numerous habeas petitions and other filings in the California state courts concerning resentencing which were denied or rejected. (Doc. 1 at 10-41.)

**DISCUSSION**

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.     Failure to State a Cognizable Federal Claim

The petition fails to state a cognizable habeas claim. Petitioner states he should be resentenced based on recent amendments to, or repeals of, California sentencing laws which apply retroactively. A petitioner seeking federal habeas relief must allege that he is in custody "pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502

U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). Petitioner may only seek habeas relief if the nature or duration of his imprisonment violates federal constitutional provisions.

Petitioner claims that various California sentencing laws have been amended and/or repealed which apply to his sentence retroactively. He claims that the various state courts wrongly determined he was ineligible for resentencing. Ultimately, Petitioner is challenging the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question.") Petitioner fails to state a cognizable federal habeas claim and the petition should be dismissed because the California state courts have, in applying the various state laws at issue, determined Petitioner is not eligible for state law relief. Petitioner seeks to challenge the California state courts' interpretation and application of California state law, but this Court has no authority in habeas to address such a challenge.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is **DIRECTED** to assign a District Judge to the case.

**RECOMMENDATION**

The Court HEREBY RECOMMENDS that the petition be **SUMMARILY DISMISSED** with prejudice.

|   |   |
|---|---|
| 1 | This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. <u>Id</u>. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. |

IT IS SO ORDERED.

Dated:     **March 17, 2025**                    /s/ *Sheila K. Oberto*                    
                                                              UNITED STATES MAGISTRATE JUDGE