# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEONARD ESTES,<br><br>        Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | Case No. 1:25-cv-00300 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE THIS CASE<br><br>(Doc. 6)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

James Leonard Estes is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  The magistrate judge performed a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases and found Petitioner failed to state a cognizable habeas claim.  (Doc. 6 at 2-3.)  The magistrate judge observed that "Petitioner is challenging the state court's application of state sentencing laws," and found "[s]uch a claim does not give rise to a federal question cognizable on federal habeas review."  (*Id.* at 3.)  Therefore, the magistrate judge recommended the Court dismiss the petition.  (*Id.*)

Petitioner filed timely objections to the Findings and Recommendations.  (Doc. 9.)  Petitioner asserts the magistrate judge committed "Fraud Upon The Court" by recommending dismissal of the petition.  (*Id.* at 1-5.)  He also contends the Kern County District Attorney, "Trial

1  Court [and] The Supreme Court of California … are in Absolute Default now." (*Id.* at 4.)  He
2  contends the magistrate judge errs in dismissing the petition because there was no response by
3  any of these entities contesting his petition.  (*Id.* at 4-5.)

4        A magistrate judge is vested with the authority "to hear and determine any pretrial matter
5  pending before the court" except motions "for injunctive relief, for judgment on the pleadings, for
6  summary judgment, to dismiss or quash an indictment or information made by the defendant, to
7  suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to
8  dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss
9  an action." 28 U.S.C. 636(b)(1).  Even with excepted and dispositive matters, a magistrate judge
10 may "submit to a judge of the court proposed findings of fact and recommendations" to the
11 district judge. 28 U.S.C. 636(b)(1)(B).  The magistrate judge did not act beyond the scope of her
12 authority in preforming a preliminary review of the petition—even without a response from the
13 named respondents—pursuant to Rule 4 of the Rules Governing Section 2254 Cases and issuing
14 the pending Findings and Recommendations.  Moreover, Petitioner does not dispute the findings
15 of the magistrate judge that he seeks to challenge the state's application of state sentencing laws,
16 or that he fails to state cognizable federal habeas claims.  Toward this end, Petitioner fails to
17 identify any error in the analysis of the magistrate judge.

18       According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
19 Having carefully reviewed the matter, including Petitioner's objections, the Court concludes the
20 Findings and Recommendations are supported by the record and proper analysis.

21       In addition, the Court declines to issue a certificate of appealability.  A state prisoner
22 seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of
23 his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537
24 U.S. 322, 335-336 (2003).  If the Court denies a petition, it may only issue a certificate of
25 appealability when a petitioner makes a substantial showing of the denial of a constitutional right.
26 28 U.S.C. § 2253(c)(2).  To make a substantial showing, Petitioner must establish that
27 "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have
28 been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the present case, the Court finds Petitioner did not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 18, 2025 (Doc. 6) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED** with prejudice.
3. The Clerk of Court is directed to enter judgment and close the case.
4. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **April 3, 2025**

UNITED STATES DISTRICT JUDGE

3